***NOT FOR PUBLICATION*__

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORACE WHITE,<br><br>              Petitioner,<br><br>       v.<br><br>DEPT. OF HUMAN SERVICES, et al.,<br><br>              Respondents. | Civil Action No. 15-7654 (MAS)<br><br>**MEMORANDUM OPINION** |

      Petitioner Horace White ("Petitioner"), confined at Greystone State Hospital in Morris Plains, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his confinement by the state after an insanity plea. The Court is required to screen the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. It appearing:

      1. It is not clear from the Petition to what exact crime Petitioner pled. First, Petitioner asserts that he was convicted and sentenced for robbery, assault, and possession of a weapon as a result of an insanity plea. (Pet. 2, ECF No. 1.) However, later in the Petition, he claims that:

> I did not plea[d] guilty to the robbery or weapons charge, but I did admit to the assault. But since it was an insanity plea worked out by the state and my lawyer, and I was not aware of the process, I accepted it by accepting it under insanity; it is like admitting to it.

(*Id.* at 3.) Contrary to Petitioner's assertion, a plea of insanity, by definition, is a plea of not guilty. *See Wood v. Main*, 789 F. Supp. 2d 519, 521 (D.N.J. 2011). Therefore, the Court is unsure whether Petitioner was given one sentence for the insanity plea and received a different sentence for having pled guilty to the assault, or whether he was given one sentence for pleading insanity on all three

offenses. Regardless, Petitioner states that he is currently being confined under the sentence of his insanity plea. (*See* Pet. 6.)

2. Under New Jersey state law, a defendant found not guilty by reason of insanity, if he is determined to be a danger to the community, is to be confined as an involuntarily committed individual at a state psychiatric facility, for the maximum period of imprisonment imposed at sentencing. N.J.S.A. § 2C:4-8. Such a defendant is required to receive periodic review hearings to determine the necessity of his continued detention. *Wood*, 789 F. Supp. 2d at 521 (citing *State v. Krol*, 68 N.J. 236 (1975)). If a defendant is found to require continued detention, the defendant may appeal the determination in state court. *See In re Commitment of D.T.*, Indictment No. 07-10-0458, 2012 WL 6097085 (N.J. Sup. Ct. App. Div. Dec. 10, 2012).

3. In the instant matter, Petitioner was sentenced to thirty years of confinement. (Pet. 2.) Because Petitioner is being confined under a valid state court judgment, his petition is properly addressed under § 2254. 28 U.S.C. § 2254(a); *see Duncan v. Walker*, 533 U.S. 167, 176 (2001) (holding that § 2254 is not limited to addressing only those individuals confined under a criminal conviction, and that it covers "state court order[s] of civil commitment"); *Grass v. Reitz*, 643 F.3d 579, 585 (8th Cir. 2011) (citing *Duncan* for the proposition that § 2254, and its requirements for the exhaustion of state court remedies, govern a challenge to state custody pursuant to a civil commitment); *Wood v. New Jersey*, No. 08-4515, 2009 WL 4487777, at *2 (D.N.J. Feb. 20, 2009).

4. A federal court cannot grant habeas relief under § 2254 unless the petitioner has exhausted state court remedies. 28 U.S.C. § 2254(b)(1); *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *Robinson v. Beard*, 762 F.3d 316, 328 (3d Cir. 2014) ("AEDPA requires a petitioner in state custody to exhaust all remedies available in the state courts before a federal court can grant his or her habeas petition."). Here, Petitioner

admits to having sought no state court remedies of any kind. (Pet. 6.) Petitioner's explanation for this is that he had been told an appeal would not be successful. *Id.* However, § 2254(b)(1) does not excuse the exhaustion requirement simply because Petitioner has little chance of success. *Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005) ("likely futility on the merits does not excuse a failure to exhaust a claim in state court.").

5. When the claims in a § 2254 petition have not been exhausted in state court, this Court is duty-bound to dismiss the petition without prejudice, to allow the petitioner to return to state court to present the unexhausted claims to that court in the first instance. *Rhines v. Weber*, 544 U.S. 269, 274 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). Having found that Petitioner has not exhausted state court remedies, the Court dismisses the Petition without prejudice.[1]

_____
Michael A. Shipp, U.S.D.J.

Dated: 1/26/16

---

[1] The Court notes that Petitioner has not sought a stay and abeyance under *Rhines*. *See* 544 U.S. at 275-76.